**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Eric Lance Sabot, ) | |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Colby Braun, Warden, ) | Case No. 1:17-cv-068 |
| ) | |
| Respondent. ) | |

Before the court is a "Limited Motion to Dismiss Section 2254 Petition Due To Lack of Exhaustion" filed by petition on June 6, 2017. For the reasons set forth below, the undersigned recommends that the court grant the motion and dismiss petitioner's habeas petition without prejudice.

### I.   BACKGROUND

The following facts are not in dispute. Eric Lance Sabot ("Sabot") was convicted in state district court of offense of terrorizing and, on February 17, 2017, sentenced to a term of imprisonment of five years with two years suspended. (Doc. Nos. 11, 11-1, and 11-2). In mid-March 2017, he filed a direct appeal of his conviction with the North Dakota Supreme Court. (Doc. N. 11-2). Shortly thereafter, on April 6, 2017, het filed a petition for habeas corpus relief with this court pursuant to 28 U.S.C. § 2254.

On June 6, 2017, respondent filed a motion to dismiss Sabot's petition on the ground that Sabot has yet to properly exhaust his available state court remedies. Approximately 42 days have since lapsed and Sabot has yet to file a response.

1

**II.     DISCUSSION**

    **A.     Exhaustion of State Court Remedies**

Under § 2254, a conviction is deemed final "upon conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2254(d)(1)(A); see also United States v. Plascencia, 537 F3d. 385, 389 (5th Cir. 2008) ("For purposes of § 2254 proceedings, a state prisoner's conviction becomes final generally upon the expiration of direct review or the time for seeking direct review. When a state prisoner has appealed his conviction to the state court of last resort, the conclusion of the direct review process includes the 90-day period for seeking certiorari in the Supreme Court. If the prisoner stops the appeal process before that point, however, the conviction becomes final when the time for seeking further review in the state court expires." (footnotes omitted)); cf. Reynolds v. Martinez, 351 Fed. App'x 585, 2009 WL 3182918, at *1 (3d. Cir. 2009) ( finding a petitioner's § 2241 premature given that he was in the process of challenging the legality of his detention via direct appeal). As Sabot's direct appeal of his conviction is currently pending, ths matter arguably isn't ripe purposes § 2254.

In any event, it is clear that Sabot did not exhaust his state court remedies prior to filing his § 2254 petition with this court. A petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). As noted above, Sabot filed his direct appeal with the North Dakota Supreme Court mere weeks before filing a habeas petition with this court. And Sabot's direct appeal is still pending before the North Dakota Supreme Court.

There is nothing so exceptional about his case that he should be permitted to bypass the state process.  See Lamar v. Zavaras, 430 Fed. App'x 718, 2011 WL 2835860, at *2 (10th Cir. July 19, 2011) (holding that a § 2254 petition was properly dismissed without prejudice for failure to exhaust state remedies when petitioner's direct appeal was still pending in state court at the time he sought habeas relief); Slater v. Chatman, 147 Fed. App'x 959, 960 (11th Cir. 2005) (same); cf. United States v. Bankole, 238 F.3d 415 (4th Cir. 2000) ("A § 2255 motion generally will not be heard where a direct appeal is pending, except in exceptional circumstances."). Consequently, his petition should be to dismissed without prejudice.

### B.    Application of Local Rule 7.1

D.N.D. Civ. L.R. 7.1(A)(1) provides that, upon service of the dispositive motion, the adverse party has 21 days in which to file a response.  As noted above, respondent filed the instant motion to dismiss Sabot's habeas petition on June 6, 2017. Attached to the motion an attorney's certificate of service certifying that a copy of the motion was mailed to Sabot on June 6, 2017.

Approximately 42 days have now lapsed since respondent filed the motion to dismiss and Sabot has neither filed a response nor requested additional time to prepare his response.  The fact that Sabot is proceeding *pro se* does not excuse his noncompliance with the rules of civil procedure. Cody v. Leon, 486 Fed. App'x 644 (8th Cir. 2012) (citing Brown v. Frey, 806 F.2d 801, 804 (8th Cir.1986).  Consequently, under D.N.D. Civ. L.R. 7.1. (F), Sabot's failure to serve and file a response with the prescribed time may subject the motion to summary ruling and may be deemed an admission that the motion is well taken.

### III. <u>**CERTIFICATE OF APPEALABILITY**</u>

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)); <u>see also</u>, <u>United States v. Lambros</u>, 404 F.3d 1034, 1036 - 1037 (8th Circ. 2005); <u>Garrett v. United States</u>, 211 F.3d 1075, 1076 -1077 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. <u>Slack</u>, 529 U.S. at 484.

In this case, reasonable jurists would not find debatable the court's dismissal of Robinson's petition on the grounds it is untimely. Consequently, the court will not issue a certificate of appealability.

### IV. <u>**CONCLUSION AND RECOMMENDATION**</u>

The undersigned **RECOMMENDS** that the court **GRANT** respondent's motion (Docket No. 14) and **DISMISS** Sabot's habeas petition without prejudice on account of his failure to first exhaust his available state court remedies.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation.

Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 18th day of July, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court